Desanka KIKOVIC, Petitioner,

v.

Alberto R. GONZALES,* Attorney
General, Respondent.

No. 03–72813.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 3, 2005.

Decided Nov. 14, 2005.

Radovan Stipanovic, Ann Arbor, MI, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Carl H. McIntyre, Jr., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

_____

Before: LAY,** REINHARDT, and
THOMAS, Circuit Judges.

MEMORANDUM ***

Desanka Kikovic, a native and citizen of Yugoslavia, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an Immigration Judge's ("IJ") order denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture. We grant the petition for review.

Because the IJ found that Kikovic had suffered past persecution, a presumption arose that she had a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b). The determination of whether or not a particular petitioner's fear is rebutted by general country conditions information

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that shows a changed climate in which persecution is unlikely requires an "individualized analysis that focuses on the specific harm suffered and the relationship to it of the particular information contained in the relevant country reports." *Chand v. INS*, 222 F.3d 1066, 1079 (9th Cir.2000). In this case, the IJ performed the requisite individualized inquiry and found that the government sustained its burden of demonstrating that general country conditions had changed sufficiently to rebut the presumption of Kikovic's well-founded fear of future persecution. There is no substantial evidence in the record to support that finding. A careful review of the record compels the conclusion that general country conditions had not changed sufficiently to rebut the presumption

The record reflects a "mixed picture" of the human rights conditions for persons who were persecuted on political grounds under the Milosevic regime. *Cf. Lopez v. Ashcroft*, 366 F.3d 799, 805–07 (9th Cir. 2004) (basing its decision that the presumption of well-founded fear had not been overcome, in part, on the "mixed picture of human rights conditions" presented in the country report). Indeed, the State Department report reflects ongoing politically motivated violence at the time of Kikovic's hearing.

In sum, the record compels the conclusion that country conditions had not changed sufficiently to rebut the presumption that Kikovic had a well-founded fear of future persecution. Because Kikovic has demonstrated eligibility for asylum and entitlement to withholding of removal, we grant the petition for review.[1]

---

1. Because the IJ conducted an individualized determination, the considerations "that classically support[ ] ... [a] remand" do not exist, *INS v. Ventura*, 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002), and a *Ventura* remand is not required.

**PETITION FOR REVIEW GRANTED**